IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,739-01






EX PARTE JEREMY LEE ACUNA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17151 IN THE 329TH DISTRICT COURT


FROM WHARTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
being a felon in possession of a firearm and for possession of cocaine. He was sentenced to
incarceration for three years and 180 days, respectively. He did not appeal his convictions.

 In his writ application, Applicant complains TDCJ officials and/or the Board of
Parsons and Paroles have not provided him with the required due process protections in
relation to his consideration for conditional release to parole and mandatory supervision.
"There is no right under the Federal Constitution to be conditionally released before the
expiration of a valid sentence, and the States are under no duty to offer [conditional release]
to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause
requires fair procedures for its vindication...." Swarthout v. Cooke, ___ U.S. ___, 131 S.Ct.
859, 862 (2011) (internal citations omitted).

 Regarding Applicant's complaint he was denied due process in connection with
parole, release on parole is a privilege, not a right, and there is no liberty interest in being
released to parole. Ex parte Geiken, 28 S.W.3d 553 (Tex. Crim. App. 2000); 37 Tex. Admin.
Code § 145.3.

 Regarding his complaint he was denied due process in connection with mandatory
supervision, it appears Applicant is mandatory supervision eligible but has been denied
release. See Tex. Gov't Code § 508.149. This Court has held that an inmate eligible for
release to mandatory supervision has a vested statutory entitlement to the conditional release,
but the interest is defeasible. That is, the interest may be defeated if the parole panel makes
the required statutory findings that the inmate's accrued good conduct time is not an accurate
reflection of the inmate's potential for rehabilitation, and the inmate's release would
endanger the public. Ex parte Retzlaff, 135 S.W.3d 45, 48-49 (Tex. Crim. App. 2004); Tex.
Gov't Code § 508.149(b). When an inmate is denied release to discretionary mandatory
supervision, as in Applicant's case, the parole panel's decision to deny release is not subject
to judicial review. Ex parte Geiken, 28 S.W.3d at 560. However, the procedures implemented
by the Board when reviewing an inmate for release are reviewable. Id. An inmate is entitled
to timely notice from the Board and a meaningful opportunity to be heard before review for
mandatory supervision release. Id. This notice is required to allow inmates to "submit any
information that they feel relevant to the Board decision," id., and an inmate must receive at
least thirty days' advance notice of the month and year of review, Ex parte Retzlaff, 135
S.W.3d 45, 50 (Tex. Crim. App. 2004). 

 Applicant complains he was not timely given the required notices and was not allowed
adequate time to submit information. Applicant has alleged facts that, if true, might entitle
him to relief. Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court shall obtain an affidavit from the Board of Pardons and Paroles regarding the
process given for Applicant's mandatory supervision review. 

 In addition to obtaining this affidavit, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve factual issues. In the appropriate case, the trial
court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact regarding whether Applicant was deprived
due process in relation to the Board's consideration of release to mandatory supervision. The
trial court shall also make any other findings of fact that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: January 11, 2012

Do not publish